UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LAUREN JACKSON,

    Plaintiff,

v.                                                    Case No. _____

THE INSITE GROUP, LLC,
EDWARD H. BRITTON, Individually; and
JASON McKNIGHT, Vice President of Operations

    Defendants.

## COMPLAINT UNDER FLSA

Plaintiff, Lauren Jackson, through her attorneys, brings this action against Defendants, The Insite Group, LLC, Edward H. Britton, and Jason McKnight under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for failure to pay unpaid minimum wages and overtime wages. Plaintiff's claims are for minimum wage, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 206, 207, and 216(b).

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, 1337.

2. This Court has personal jurisdiction over the Defendants who reside in Knox County, Tennessee.

3. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district, do business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. FACTS

### A. Parties

4. Plaintiff Lauren Jackson ("Plaintiff") is an adult resident of Knoxville, Knox County, Tennessee. During the applicable statutory period, Plaintiff worked as a purchasing agent/project manager for Defendants.

5. Defendant The Insite Group, LLC ("Defendant Insite") is an active member-managed Tennessee domestic Limited Liability Company that was formed on April 20, 1995. The principal place of business for Defendant Insite is 7675 Oak Ridge Highway, Knoxville, Tennessee 37931. The Registered Agent is Edward H. Britton, who can be served at 7717 Collier Road, Powell, Tennessee 37849-3306.

6. Defendant Insite is currently doing business at 7675 Oak Ridge Highway, Knoxville, Tennessee 37931. Defendant Insite is an "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and can be served through the Registered Agent, Edward H. Britton at 7717 Collier Road, Powell, Tennessee 37849.

7. Defendant Edward L. Britton ("Defendant Britton") is one of the owners of the member-managed limited liability company, Defendant Insite. Defendant Britton acts directly or indirectly in the interest of the employer in relation to the employees. Defendant Britton is a member manager and has significant ownership

interest, controls significant functions of the business and determines salaries and makes hiring decisions. Defendant Britton is an "employer" for purposes of FLSA.

8. Defendant Jason McKnight ("Defendant McKnight") is the Vice President of Operations of Defendant Insite. Defendant McKnight is a corporate officer who has operational control of the LLC. Defendant McKnight controls significant functions of the business and determines salaries and makes hiring decisions, and has operational control. Defendant McKnight is an "employer" for the purposes of FLSA.

9. Defendant Insite is and, at all times hereinafter mentioned, was engaged in related activities performed through project management associated with the signage industry. Defendant Insite contracted with clients who have either acquired properties or are building new branches that require re-branding for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Defendant Insite is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

11. Defendant Britton, Defendant McKnight and Defendant Insite, at all times herein, were the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d). Defendant McKnight and Defendant Britton acted directly in the interest of Defendant Insite in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff for all hours worked at a rate of at least the minimum wage and the decision not to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for time worked in excess of forty (40) hours in a workweek.

### B. Factual Allegations

12. Plaintiff brings this action on behalf of herself as authorized under 29 U.S.C. § 216(b).

13. Plaintiff was employed by Defendants as a purchasing agent/project manager at Defendant Insite at 7675 Oak Ridge Highway, Knoxville, Tennessee during the applicable statutory period. Plaintiff began her employment with Defendants on December 15, 2014. Plaintiff's primary responsibilities and duties consisted of Project Coordinator Supervisor to Technical Services and Field Services, initially, then to Purchasing Agent, and finally to Purchasing Agent/Project Manager.

14. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than $7.25 per hour and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. During the applicable statutory period, Defendants

suffered and permitted Plaintiff to routinely work uncompensated hours and more than forty (40) hours per week without overtime compensation.

15. Plaintiff was provided a company cell phone and laptop computer. She was required to monitor the phone and laptop after hours and on weekends. As a result, she was required to talk with customers, run errands if a request was made by the customer, and often go by the office to retrieve information, documents or anything related to the customer's project. Plaintiff was required to log in to the computer at frequent intervals to monitor emails from customers. She was required to take cell phone calls from customers after hours and on weekends. The Defendants had a "Sundown Rule" which means that she was required to respond to customers' phone calls within thirty (30) minutes and emails within two (2) hours.

16. Plaintiff was told that she was not to enter any time on her time sheet other than the normal work week of 8:00 a.m. to 5:00 p.m. daily, and she was paid for eight (8) hours per day.

17. Plaintiff worked closely with her supervisors, who reinforced the rule of not submitting overtime on her time sheet. It was a company policy that was enforced throughout the company. Plaintiff would often be at the office working late when her supervisor was leaving for the day. The supervisors were aware of how often she worked late, in addition to the cell phone and laptop monitoring afterhours and on weekends. The supervisors said she could take "comp" time off the next workweek. However, due to her heavy work load, she was never able to take the time off.

Further, it is a violation of FLSA if the employee is unable to take the time off within the same workweek as the overtime is worked.

18. From December 15, 2014 until December 1, 2016, Plaintiff was designated as an exempt employee and paid a salary. On October 31, 2016, Plaintiff was informed that she became a non-exempt employee due to changes in the law, and became a non-exempt employee eligible for overtime compensation. Plaintiff alleges that from December 15, 2014 until December 1, 2016, she was improperly designated as an exempt employee and paid a salary without any overtime compensation.

19. Once she was changed to non-exempt on December 1, 2016, she remained under that designation until the termination of her employment on January 14, 2019. Even with the designation of non-exempt, Plaintiff was never allowed to submit her overtime hours worked.

20. Plaintiff remained classified as a non-exempt employee until the end of her employment on January 14, 2019. From December 1, 2016, Plaintiff was not subject to any FLSA exemption and thus was due at least the minimum wage for all hours worked and overtime at a rate of one and one-half times her regular rate for all time worked in excess of forty (40) hours per week. Plaintiff was openly discouraged from recording overtime hours on her time record, and she was unlawfully offered to take "comp" time outside of the workweeks in which she worked in excess of forty (40) hours.

6
Case 3:19-cv-00286-TRM-HBG   Document 1   Filed 07/23/19   Page 6 of 8   PageID #: 6

21. The exact amount of unpaid minimum wage and overtime wages will be calculated during discovery, but Plaintiff estimates that she is owed unpaid minimum wage and overtime compensation to date of no less than $71,825.66.

22. As a result of its actions and the conduct described above, Defendants have violated the provisions of FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically § 206 and 207(a)(1) with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

23. Further, Defendants have failed to make, maintain, and preserve records of all of Plaintiff's daily hours worked, her hours worked in each workweek, and her total amount of overtime worked. By failing to accurately record and preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*.

24. The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### **III PRAYER FOR RELIEF**

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants that its actions violated the FLSA and that the violations of the FLSA were willful;

2. Judgment against Defendants for an amount equal to unpaid minimum wage and overtime owed for three years prior to the filing of this Complaint;

3. An equal amount to the actual damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to amend and to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

6. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

7. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Jane Kaufman Jones (BPR 27341)
SHUTTLEWORTH PLLC
jjones@swlawpllc.com
800 S. Gay Street, Suite 2031
Knoxville, TN  37929
(865) 622-7118

/s/ Troy B. Jones (BPR 33064)
LAW OFFICES OF TROY B. JONES
troy@troybjones.com
P. O. Box 2308
Knoxville, TN  37901
(865) 456-5901